UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

OWNERS INSURANCE COMPANY,                                    PLAINTIFF

v.                                                    No. 3:21-cv-356-BJB

REYNOLDS CONCRETE PUMPING, LLC,                              DEFENDANTS
ET AL.,

\* \* \* \* \*

MEMORANDUM OPINION & ORDER

Owners Insurance Company seeks a declaratory judgment that it doesn't owe insurance coverage to the Defendants, whom it insured, for any liability arising from a workplace accident involving construction equipment. Complaint (DN 1) ¶¶ 7, 31. Cincinnati Insurance Company, which also insures one of the Defendants, moved to intervene under Federal Rule of Civil Procedure 24 (a) and (b). Motion to Intervene (DN 7) at 2–4. "CIC" seeks its own declaratory judgment that it has no duty to defend or indemnify under its policy. *Id.* It also would like this Court, as part of this case, to determine whether its or Owners' insurance policy is primarily responsible for covering the accident. *Id.* Because CIC cannot satisfy the requirements of either Rule 24(a) or (b), the Court denies the motion.

**A. Intervention of Right**

Federal Rule of Civil Procedure 24(a) states that a "court must permit anyone to intervene" who "claims an interest relating to the property or transaction" at issue and whose "ability to protect its interest" would "as a practical matter" be "impair[ed] or impede[d]" by adjudication in its absence. The Sixth Circuit has interpreted this to require a would-be intervenor to show four things:

(1) the application was timely filed;
(2) the applicant possesses a substantial legal interest in the case;
(3) the applicant's ability to protect its interest will be impaired without intervention; and
(4) the existing parties will not adequately represent the applicant's interest.

*Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). The Court must deny intervention as of right if the intervenor fails to show any one of these factors. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Owners contends that CIC has failed to

show the second and fourth factors, while the Defendants take no position on this motion.

The Sixth Circuit has a "rather expansive notion of the interest sufficient to invoke intervention as of right" and determines substantiality, the second factor, based on a holistic assessment of the asserted legal interest relative to the facts of the particular case. *United States v. Tennessee*, 260 F.3d 587, 595 (6th Cir. 2001) (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). CIC argues that it has a substantial interest in how the Court interprets two terms in the Owners policy: "auto" and "mobile equipment." Reply (DN 9) at 2. CIC's commercial umbrella policy, it explains, contains terms "substantially similar" to those at issue in the Owners auto policy and this case. *Id.*

But a similarity of contractual terms does not create a "substantial interest" in suits like this. CIC is neither a party to the Owners policy nor seeking to assert any legal rights under that policy. It is a non-party with "no legal right to contend for or against coverage." *United Fin. Cas. Ins. Co. v. Wells*, No. 5:11–397, 2012 WL 6004150, at *2 (E.D. Ky. Nov. 30, 2012). "[S]trangers to … insurance contracts," judges in this court have recognized, "do not possess the requisite substantial legal interest" to support intervention as of right. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, No. 3:09-cv-347, 2010 WL 1416708, at *2 (W.D. Ky. Mar. 31, 2010). CIC has not indicated any other interests it may have in the case, beyond the similarity of the policy terms. And if similar policy terms were enough under Rule 24, then all manner of insurers and contracting parties could conceivably possess an equally substantial legal interest in their judicial interpretation.

Even if CIC had met the substantial-interest factor, it has not shown that "the existing parties will not adequately represent" its interest. *Blount-Hill*, 636 F.3d at 283. Although this burden is "minimal," "applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443–44 (6th Cir. 2005). To meet this burden, an intervenor must show "collusion … between the representatives and an opposing party, pursuit by the representative of an interest adverse to the interests of the proposed intervenor, or a representative's failure in the fulfillment of his duty." *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 373 (6th Cir. 2014) (quoting *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)) (internal quotation marks omitted).

Owners, in opposing CIC's intervention, argues that the Defendants already represent CIC's asserted interests because the Defendants seek coverage under Owners' policy, which is consistent with CIC's desired outcome. Response (DN 8) at 8. CIC worries "that the other parties will not care [which policy] provides coverage as long as one of the insurers is deemed to provide coverage." Reply at 3. A

hypothetical divergence of interests, however, does not show collusion, adverse interests, or unfulfilled duty. *See Zurich Am. Ins. Co. of Ill. v. Sunshine Int'l Corp.*, No. 2:19-cv-02173, 2020 WL 7865964, at *5–6 (W.D. Tenn. Jan. 27, 2020). Accordingly, CIC cannot intervene as of right.

## B. Permissive Intervention

Federal Rule of Civil Procedure 24(b) authorizes a Court to "permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." A "permissive" intervenor must "establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d at 445. The district court will then "balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

CIC asserts that "common questions of law and fact [are] present," but fails to identify what they are. Reply at 1. Presumably they relate to the interpretation of "auto" and "mobile equipment"—terms CIC says are "important to the determination of coverage under both policies." *Id.* But the Court's interpretation of Owners' policy does not control the interpretation of CIC's separate policy. And even on CIC's own telling the questions are merely "substantially similar," which sounds like a roundabout way of saying they are not actually "common." Reply at 2.

As with Rule 24(a)'s "substantially similar" analysis discussed above, CIC's position would prove far too much. The Sixth Circuit has recognized as much in the statutory context: Interpreting a phrase used in one statute does not answer a question in common with another statute using the same phrase. "Allowing this to fulfill the 'common question' requirement would mean that any Indian tribe would be able to intervene whenever IGRA is implicated in any way—or, to analogize, it would allow any employer to intervene in any Title VII suit. Such an interpretation would be far too broad." *Bay Mills Indian Community v. Snyder*, 720 F. App'x 754, 758 (6th Cir. 2018).

This failure to identify a truly common question is enough to justify denying permissive intervention. *See Youth Alive, Inc.*, 2010 WL 1416708, at *2; *Frank Betz Assocs., Inc. v. J.O. Clark Constr., LLC*, No. 3:08–cv–00159, 2010 WL 2375871, at *3 (M.D. Tenn. June 4, 2010) (failure to "identify precisely the common questions of law or fact involved" counseled against intervention).

Even if the questions were sufficiently common, moreover, that would not necessarily suffice. Here the prejudice to Owners and the Defendants would outweigh any efficiency gains from consolidating the action. Resolving CIC's coverage issue would require the Court to interpret a separate insurance policy, an analysis which

would not flow directly—and perhaps not even indirectly—from the Court's interpretation of Owners' policy. And CIC's request for the Court to determine which policy is primary adds a tangential issue that would slow the resolution of this suit, as Owners argues in its opposition brief. *See* Response at 9–10. CIC may of course file its own declaratory-judgment action, which further supports denying intervention in this case. *See Powell v. Tosh*, No. 5:09-cv-121, 2012 WL 289905, at *4 (W.D. Ky. Jan. 31, 2012).

* * * * *

The Court denies CIC's motion to intervene (DN 7).

Benjamin Beaton, District Judge
United States District Court

February 14, 2022