UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY | Plaintiff |
| v. | Civil Action No. 3:21-cv-356-RGJ |
| REYNOLDS CONCRETE PUMPING, LLC, SAMPSON "RICKY" LEWIS, AND CHEREE LEWIS | Defendants |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Owners Insurance Company ("Owners") moves for summary judgment [DE 33]. Owners asserts that it does not owe coverage under its Commercial Auto Policy, or liability insurance coverage, a defense nor indemnification to Reynolds Concrete Pumping, LLC ("Reynolds") for the claims of Sampson ("Ricky") Lewis and Cheree ("Cheree") Lewis (together "the Lewis Defendants") related to an underlying construction site accident. [DE 33 at 420]. The Lewis Defendants filed a "Notice of Lewis Defendants' Intent to Forgo Response to the Pending Motion for Summary Judgment" [DE 42]. Defendant Reynolds did not respond. The matter is ripe.

Although Defendants do not object to Owners' motion for summary judgment, "the Court nevertheless examines the motion in order to ensure that [plaintiff has] discharged [its] burden." *Stanfield v. Chitwood*, No. 3:14-CV-165-TAV-CCS, 2015 WL 283822, at \*1 (E.D. Tenn. Jan. 22, 2015) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). After review, for the reasons below, Owners' Motion for Summary Judgment [DE 33] is **GRANTED**.

1

## BACKGROUND

The following background, taken from Owners' Motion for Summary Judgment [DE 33-1],[1] has not been disputed.

Ricky was injured on a construction site when allegedly struck by the "boom" of a cement truck owned by Defendant Reynolds. [*Id.* at 422]. The truck was immobilized while the boom was in use at the construction site. [*Id.* at 422-23]. Owners issued a Commercial Auto Policy to Reynolds proving "insurance coverage . . . for accidents which occur . . . when a covered vehicle is being used 'as an auto.'" [*Id.* at 423-30]. The Lewises currently have a negligence action in a separate case against Reynolds seeking damages for Ricky's bodily injuries and Cheree's loss of consortium. [DE 33-1 at 423, 430]. Owners brought this complaint for declaratory judgment against Defendants seeking a determination that Owners is not liable for the Lewises' claims against Reynolds. [DE 1].

## DISCUSSION

Owners argues that it is entitled to summary judgment because it cannot be liable to Reynolds because Ricky's accident "did not occur while the trick was being utilized 'as an auto' [so] there is no initial grant of liability coverage to Reynolds for the Underlying Claims under the Owners' Commercial Auto Policy." [DE 33-1 at 429-30].

The Lewises elected to forgo response stating only that "it is apparent that there is no testimony which suggests that the concrete pumping truck . . . was being operated as an automobile at the time" of the accident. [DE 42 at 611]. Reynolds has made no objection, response, or other filing despite time allowed to do so. In its reply, Owners notes that Reynolds informed counsel

---

[1] Although Counsel attached a Memorandum in support of their motion [DE 33-1], the Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single document, a unified motion and memorandum. *See* Local Rule 7.1. In the future, Counsel is advised to file a unified motion.

that it did not intend to file a Response to Owners' Motion for Summary Judgment seeking a Declaratory Judgment. [DE 44 at 625]. The Motion for Summary judgment is thus unopposed, and the Court analyzes it to ensure Owners met its burden. *See Stanfield*, 2015 WL 283822, at *1.

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *See Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008); *see also Adams v. Metiva*, 31 F.3d 375, 384 (6th Cir. 1994). The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1); *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 131–32 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving

3

party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The parties do not dispute that Kentucky law applies to the interpretation of the insurance policy. "The interpretation of insurance contracts in Kentucky is a matter of law for the court, and in the absence of factual disputes, may be determined on summary judgment." *Liberty Mut. Ins. Co. v. Est. of Bobzien by & through Hart*, 377 F. Supp. 3d 723, 735 (W.D. Ky. 2019), *aff'd sub nom. Liberty Mut. Ins. Co. v. Est. of Bobzien*, 798 F. App'x 930 (6th Cir. 2020).

Insurance policies "should be interpreted according to the parties' mutual understanding at the time they entered into the contract and [s]uch mutual intention is to be deduced, if possible from the language of the contract alone." *Nationwide Mut. Ins. Co. v. Nolan*, 10 S.W.3d 129, 131– 32 (Ky. 1999) (citations omitted). Policies must be read as a whole "without disregarding or inserting words or clauses and seeming contradictions should be harmonized if reasonably possible." *Kemper Nat. Ins. Companies v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 871 (Ky. 2002) (citations omitted). "[W]here not ambiguous, the ordinary meaning of the words chosen by the insurer is to be followed." *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991) (citations omitted).

Terms of insurance contracts "have no technical meaning in law and are to be interpreted according to the usage of the average man and as they would be read and understood by him in the

light of the prevailing rule that uncertainties and ambiguities must be resolved in favor of the insured." *Id.* But "this rule of strict construction against an insurance company certainly does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with . . . the plain meaning and/or language in the contract." *Kentucky Ass'n of Ctys. All Lines Fund Tr. v. McClendon*, 157 S.W.3d 626, 630 (Ky. 2005) (quoting *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 226 (Ky. 1994)). When the terms of an insurance contract are unambiguous and not unreasonable, they will be enforced. *Id.*

"[E]xclusion clauses do not grant coverage; rather, they subtract from it." *Kemper Nat. Ins. Companies*, 82 S.W.3d at 872 (internal citation and quotation marks omitted). "Because coverage exclusions are contrary to the fundamental protective purpose of insurance, they are strictly construed against the insurer and will not be extended beyond their clear and unequivocal meaning. *Id.* at 873 (internal citation and quotation marks omitted). Exclusions in an insurance policy must be clearly stated, carefully expressed, and their operative terms clearly defined. *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 227 (Ky. 1994). The general rule in Kentucky is that "an insurer has no duty to defend a claim when it clearly falls within an exclusion." *Century Sur. Co. v. Ken Bar, LLC*, No. 5:07-CV-70-R, 2009 WL 2602809, at *5 (W.D. Ky. Aug. 24, 2009), *as amended* (Dec. 8, 2009). If any single exclusion applies, "there should be no coverage, regardless of inferences that might be argued based on exceptions or qualifications contained in other exclusions." *Kemper Nat. Ins. Companies*, 82 S.W.3d at 874.

Owners' Commercial Auto Policy provides coverage from injury "caused by an accident and resulting from the ownership, maintenance or use of a covered auto as an auto." [DE 33-1 at 427-28]. The policy further excludes injury caused by "[m]achinery or equipment that is in, upon

5

or attached to a land vehicle that would qualify under the definition of mobile equipment." [*Id.*]. Under the policy, mobile equipment includes "types of land vehicles, including any attached machinery or equipment." [*Id.* at 27-29]. The parties do not dispute the plain language interpretation of this clause, that Owners would only be required to indemnify or defend Reynolds for the use of an "auto as an auto" and would not have to indemnify or defend Reynolds for the use of "land vehicles, including any attached machinery or equipment." [*Id.*]. And indeed, the cement truck with its boom pump when immobilized does fit this plain language definition of machinery or equipment. Thus the Court looks to the provided evidence to determine whether the facts establish the cement truck was being used as an auto or as mobile equipment.

The deposition testimony of Matthew Recktenwald, the operator of the boom pump involved in the accident, testified that when the accident occurred, the cement truck was immobilized by emergency break and four outriggers, which lift the truck tires off the ground. [DE 33-1 at 423-25]. There is no evidence to the contrary. Thus the Court agrees with the parties' analysis: the cement truck was not being used "as an auto" at the time of the accident. As a result, Owners cannot be held liable for the Lewises' claims against Reynolds and therefore has no duty to indemnify or defend Reynolds. As Owners has carried its burden under a summary judgment standard and without objection, the Court thus **GRANTS** the Motion for Summary Judgment [DE 33].

## CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advise, **IT IS ORDERED** as follows:

1. Owners' Motion for Summary Judgment [DE 33] is **GRANTED** as set forth above;

2. The Court will enter a judgment consistent with this order.

*Rebecca Grady Jennings, District Judge*
United States District Court

July 10, 2023

cc: Counsel of Record